```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


JEFFREY J. FORD,                  )
                                  )
            Plaintiff             )
                                  )
         v.                       )   Case No. 2:07 cv 267
                                  )
MICHAEL J. FLANNERY,              )
individually and in his           )
official capacity as Department   )
Head for the Department of        )
Behavioral Sciences at Purdue     )
University Calumet; JOSEPH        )
WETCHLER, individually and in     )
his official capacity as          )
Professor and Director of the     )
Marriage and Family Therapy       )
Program at Purdue University      )
Calumet; LORNA HECKER,            )
individually and in her           )
official capacity as Professor    )
in the Marriage and Family        )
Therapy Program at Purdue         )
University Calumet; and TERRY     )
S. TREPPER, individually and in   )
his official capacity as          )
Professor at Purdue University    )
Calumet,                          )
                                  )
            Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Strike Under Rule 12(f), or In the Alternative, for Dismissal in Part Under Rule 12(b)(1) filed by the defendants, Michael J. Flannery, Joseph Wetchler, Lorna Hecker, and Terry S. Trepper, on November 7, 2007. For the reasons set forth below, this motion is **DENIED.**

## Background

The plaintiff, Jeffery J. Ford, was a masters student in the Marriage and Family Therapy Program at Purdue University Calumet. Ford also is a member of the Church of Jesus Christ of Latter Day Saints ("LDS"). In his complaint, Ford details the policies of the University and the Marriage and Family Therapy Program, as articulated in various University publications such as its mission statement, its honor code, its Policies and Procedures for Administering Graduate Student Programs, and the Marriage and Family Therapy Student Handbook. Ford also describes the beliefs of the Church of Jesus Christ of the Latter Day Saints and attaches to his complaint publications by the Church's president on such topics as same-sex marriage.

The complaint further describes the experience of a non-party, Darwin West, who also was both a participant in the Purdue Marriage and Family Therapy Program and a member of the Church of Jesus Christ of Latter Day Saints. According to the complaint, West fulfilled practicum hours required for the program with Latter Day Saints Family Services. During the course of his work there, issues arose regarding the differences in the approaches taken by the school and the Church on the topic of homosexuality.

The complaint next describes Ford's experience as a student in the program. The complaint alleges that from his admissions process through his graduation, Ford's religious beliefs regarding sexuality and gender were a regular source of confrontation between him and the Marriage and Family Therapy faculty. In

particular, Ford describes issues surrounding his selection of a thesis topic, reaction to a letter to the editor that Ford wrote addressing same-sex marriage, and experiences in working with clients through the program. Among his allegations, Ford has stated that faculty members agreed, but ultimately failed, to send timely letters of recommendation that prevented Ford from pursuing his doctorate at the desired schools.  In the complaint, Ford has sought declaratory judgment and damages based on violations of the First and Fourteenth Amendment.

In their current motion, the defendants seeks to strike the entire complaint for its failure to comply with the federal rules short and plain statement requirement. The defendants also argue that Ford lacks standing to assert a claim for "equitable relief."

## Discussion

Federal Rule of Civil Procedure 8(a)(2) requires nothing more of a complaint than a "short and plain statement of the claim showing that the pleader is entitled to relief." The rule goes on to state that "each averment of a pleading shall be simple, concise and direct." Rule 8(e)(1). "Although the Court generally regards Rule 8 as a shield for pleaders rather than a sword for those pleaded against, it is true that in unusual cases an excessively lengthy complaint may be so confusing and disjointed as to warrant dismissal for failure to comply with Rule 8." **George v. Kraft Foods Global, Inc**., No. 06-cv-798, 2007 WL 853998 at *3 (S.D. Ill. March 16, 2007). Courts have used a

3

variety of terms to describe a pleading that violates the short and plain statement requirement but invariably courts require something beyond mere length or redundancy to support a challenge to the pleading. *United States v. Lockheed-Martin Corporation*, 328 F.3d 374, 378 (7th Cir. 2003); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)(noting that dismissal of a "complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading" is an abuse of discretion.); *Bennet v. Schmidt*, 153 F.3d 516, 517 (7th Cir. 1998)("Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims.").

Rather, complaints are subject to dismissal without prejudice when the complaint fails to provide notice to a party of the claim or, is "unintelligible." *Fidelity Nat. Title Insurance Company of New York v. Intercounty National Title Insurance Company*, 412 F.3d 745, 749 (7th Cir. 2005)("Fidelity's 52-page complaint with its 177 numbered paragraphs is sprawling, confusing, redundant-in short a mess. And a district judge has the authority to dismiss a complaint because it is confusing, though only in a rare case would he be justified in dismissing it on this ground with prejudice . . ."); *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *Davis*, 269 F.3d at 820; *Lockheed-Martin*, 328 F.3d at 376 (describing complaint as "incomprehensible."); *Bennet,* 153 F.3d at 517 ("rambling and disorganized"); *Vicom v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994)("confusing, redundant, and seemingly interminable").

Further, though a short plain statement is the minimum requirement, "in practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007)(internal citations and quotations omitted); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)("allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.") A pleader is required to do no more than navigate the wide berth between the need to present sufficient, non-speculative allegations and the need to avoid a rambling, incoherent complaint.

Ford's complaint weighs in at 57 pages with 206 paragraphs, and it could have been whittled to a fraction of this length and met with the standard articulated in *Bell Atlantic*. However, it cannot be characterized as unintelligible, rambling, or confusing. Much of the complaint addresses the respective policies and beliefs of Purdue and the Church. There is a minimum number of individuals involved beyond the direct parties, and the events related in the complaint primarily occurred over a relatively brief time period. These events are presented in a well organized manner.

In fact, the defendants appear to make no argument that the complaint is confusing. Rather, the defendants object to the

5

volume of the evidentiary detail included. This objection, standing alone, does not warrant striking the complaint. Accordingly, the motion is DENIED. See *Lockheed Martin*, 328 F.3d at 378 ("Some complaints are windy but understandable. Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case.").

The defendants, as an alternative motion, also argue that the plaintiff's bid for "equitable relief" – actually a declaratory judgment – is moot because he has graduated. In their reply, the defendants reiterate the argument, substituting the term "irreparable injury." Under either phrase, the defendants have confused standing to seek an injunction, which is not at issue in this matter, with the ability to seek a declaratory judgment in conjunction with damages. The defendants correctly note that a party's cause of action for injunctive relief may be moot when a defendant's complained of behavior has ceased. However, the defendants ignore the fact that Ford does not seek an injunction. As a result, the concern over mootness is no more appropriate here than in any case seeking relief from a discrete injury in the past, constitutional or otherwise. Accordingly, the motion is **DENIED.** See *Ovadal v. City of Madison, Wisconsin*, 469 F.3d 625, 629 (7th Cir. 2006)("However, the passage of the ordinance is not dispositive of the request for damages for any constitutional violation that might have been suffered in the past."); *Crue v. Aiken*, 370 F.3d 668, 677-678 (7th Cir. 2004)("When a claim for

6

injunctive relief is barred but a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive.").

_____

For the foregoing reasons, the Motion to Strike Under Rule 12(f), or In the Alternative, for Dismissal in Part Under Rule 12(b)(1) filed by the defendants, Michael J. Flannery, Joseph Wetchler, Lorna Hecker and Terry S. Trepper, on November 7, 2007, is **DENIED**.

ENTERED this 26th day of March, 2008

                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge